## THE MANHATTAN COMPANY vs. EVERTSON and others.

A master's summons or warrant should either be properly underwritten, or the nature of the reference to be proceeded in, or the object of the attendance required, should be briefly stated in the body of the warrant.

Whether the proceedings will be set aside for irregularity, upon the service of a general warrant, where the person upon whom the warrant is served is not misled thereby ?  Quære.

Where an irregularity has occurred previous to the reference of the cause to a vice chancellor to hear and decide the same, so that the cause was not in fact in readiness for a hearing, the vice chancellor is not authorized to hear the application to set aside the proceedings for the irregularity ; but the application must be made to the chancellor to vacate the order of reference and to correct the previous irregularity.

December 17.  THE object of this suit, originally, was to foreclose a mortgage ; and several judgment creditors, and others, having claims upon the estate, were made parties.  After a sale and satisfaction of the complainant's mortgage, one of the defendants obtained an order of reference, under the 136th rule, to ascertain and report the amounts due to the several defendants, which were liens upon the surplus monies ; and as to the priorities of such liens.  Under this order, the master proceeded and made a report ; which report was excepted to by some of the parties who appeared before the master.  The cause standing for hearing on these exceptions, it was referred to a vice chancellor to hear the cause upon the exceptions, and to make such disposition of the residue of the cause as should be proper.  In this stage of the proceedings, B. Corlies and three others, who had a judgment against the mortgagor which they insisted was a lien upon the surplus monies, and entitled to a preference, and who were also defendants in the suit and had appeared by their solictor, previous to the decree of sale, applied for and obtained an order to show cause why the order of reference to the vice chancellor, together with the master's report and all subsequent proceedings, should not be set aside for irregularity ; in order that they might be let in to prove their claim to the surplus monies, upon the reference to the master.  The facts, as they appeared

upon the hearing of the parties on the day for showing cause, were, that the solicitor for Corlies and others, after giving notice of appearance and suffering the bill to be taken as confessed, heard nothing more of the cause until after the order of reference as to the surplus monies was obtained. He then received a summons from a master to attend a hearing on an order of reference; which summons, however, did not specify the object of the reference, or the name of the solicitor prosecuting the same, and had no underwriting whatever. The solicitor supposing the amount due to the complainants had not been computed by the master, and that it was a summons for that purpose, paid no attention to the same. And he knew nothing of the subsequent proceedings until a few days before the time of granting the order to show cause, when he ascertained that the mortgaged premises had been sold under a decree, and a master's report as to the surplus had been made, in which the rights of his clients were not provided for.

*J. Rhoades,* for Corlies, Mabbett & Co.

*S. Cleveland,* for J. Lockwood and others.

THE CHANCELLOR. The application in this case could not have been made to the vice chancellor, under the order of reference to him, notwithstanding he was authorized to decide upon the exceptions and make a final disposition of the suit. For if the report of the master and the subsequent proceedings have been irregular, the reference to the vice chancellor is also irregular. And it must be set aside to enable the applicants to obtain their rights. It appears that proof was exhibited to the master, of the service of the summons on the solicitor for Corlies, Mabbett & Co. But I apprehend there is nothing in the affidavits in opposition to this application from which I am authorized to presume that the summons which was proved to have been served, had any underwriting; or that it differed in any respect from the copy set out in the papers before me, and which was received by such solicitor.

1833.
Manhattan
Company
v.
Evertson.

It is not absolutely necessary that the master's summons or warrant should be underwritten; although that is the usual practice. It will be sufficient if the nature of the reference to be proceeded in, or the object of the attendance, is briefly stated in the body of the warrant. But the master, before he signs the warrant, should see that it is properly underwritten; or that there is sufficient appearing in the body thereof to apprise the party upon whom it is served, of the nature of the proceedings which are to be had before the master. Even upon a general warrant, however, if the party was not misled, perhaps the court ought not to set aside the proceedings for irregularity. But in this case, as the proceeding was upon an ex parte order of which the solicitor for these applicants had never heard, and as the original decree had been obtained without his knowledge and irregularly, he had a right to suppose, and unquestionably must have supposed, it was the ordinary reference to compute the amount due to the complainants; as to which it would probably have been useless for him to have appeared before the master. Having been misled by this general warrant, the proceedings must be considered so far irregular, in relation to his clients, as to authorize or permit them to go before the master and litigate their claim with the several parties who have appeared and preferred claims upon the fund in controversy.

The master's report, and all subsequent proceedings, including the reference of the exceptions, &c. to the vice chancellor, must be set aside. And the subject must be referred back to the master, with directions to him to receive such further evidence as either of the parties to the reference may deem necessary to settle and ascertain their several rights as between Corlies, Mabbett & Co. and any of the other parties who appeared on the original reference. But such other parties are not to be at liberty to take any further testimony in relation to their several rights as between themselves, without the further order of the court; and upon such terms, as to the costs of the former proceedings on the reference and the master's report, as may be deemed just and equitable. The master, upon such new evidence as may be introduced before him in conformity to this order, and upon the evidence which was

previously before him, is to make up a new report, and to settle it in the usual manner; after hearing the objections, if any, of the respective parties. And upon the coming in of such report, any of the parties are to be at liberty to file exceptions thereto.

Neither party is to have any costs, as against the other, upon this application. Neither are such costs hereafter to be charged upon the fund. The costs of so much of the former proceedings, however, as are rendered useless, by the order referring the subject back to the master, as well as the general costs of the reference, are to abide the further order of the court.